UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA AIKEN, <br><br> Plaintiff, <br> v. <br> STATION CASINOS LLC; <br><br> Defendant. | Case No. 2:22-cv-02108-ART-EJY <br><br> ORDER |

Plaintiff Patricia Aiken ("Aiken") brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12182(a) and NRS 651.070 seeking $100,000 in punitive damages after Defendant Station Casinos LLC ("Station Casinos") refused to seat her at a restaurant without a mask on December 4, 2021. This Court has jurisdiction over Aiken's ADA claim under 28 U.S.C. § 1331 and removal was proper on that basis.

Before the Court are Station Casinos' Motion to Dismiss (ECF No. 5), and Motion to Dismiss First Amended Complaint (ECF No. 17). For the reasons described herein, the Court grants Station Casinos' Motion to Dismiss First Amended Complaint (ECF No. 17) and denies Station Casinos' Motion to Dismiss (ECF No. 5) as moot.

**I. BACKGROUND**

On December 4, 2021, Aiken went to the Brass Fork restaurant in Sunset Station Hotel and Casino. (ECF No. 13 at 2). The general manager of the restaurant told Aiken he would not seat her without a mask. (*Id.*) Aiken allegedly "invoked her rights under the Americans With Disabilities Act. . . ." (*Id.*) The general manger called security. (*Id.*) A member of Station Casinos' security department spoke with Aiken and allegedly "agreed with [Aiken] that Sunset Station is actually a place of public accommodation" but refused to seat Aiken

1  unless she agreed to wear a mask. (*Id.*) Aiken refused and left. (ECF No. 13 at 2).
2  Aiken alleges that Station Casinos "violated State and Federal law under the
3  Americans with Disabilities Act by regarding the Plaintiff as having compromised
4  immune and respiratory systems without an individualized assessment." (*Id.* at
5  3).

6      Aiken filed her complaint in Nevada state court on November 29, 2022. (ECF
7  No. 1-2). Station Casinos subsequently removed the case to this Court on
8  December 20, 2022 (ECF No. 1) and filed its first Motion to Dismiss (ECF No. 5)
9  on December 27, 2022. Aiken later filed her First Amended Complaint (ECF No.
10 13) without leave of court on January 23, 2023. (ECF No. 13). Station Casinos
11 filed its second Motion to Dismiss on January 26, 2023. (ECF No. 17). As
12 discussed below, the Court allows Aiken to proceed with her First Amended
13 Complaint given her status as a pro se litigant. Nonetheless, Aiken fails to state
14 a claim upon which relief can be granted and the Court therefore grants Station
15 Casinos' Motion to Dismiss (ECF No. 17) on that basis.

16 **II. LEGAL STANDARD**

17     In considering a motion to dismiss for failure to state a claim upon which relief
18 can be granted under FRCP 12(b)(6), the Court must accept the allegations in the
19 complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Moss*
20 *v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*,
21 556 U.S. 662, 678 (2009)). The complaint must possess more than "a formulaic
22 recitation of the elements of a cause of action;" it must contain non-conclusory,
23 factual allegations sufficient "to raise a right to relief above the speculative level."
24 *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554 (2007). The Court may dismiss
25 a complaint as a matter of law for "(1) lack of a cognizable legal theory or (2)
26 insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta*
27 *Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

28

### III.     DISCUSSION

**A. Amendment Without Leave of Court**

Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given when justice so requires. The Ninth Circuit Court of Appeals recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and therefore "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir.2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). A court may find that amendment is not warranted, however, if one or more of the following are present: (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; or (4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n.5 (9th Cir.2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Delay, by itself and without prejudice to the opposing party, is insufficient to justify denial of leave to amend. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

Here, Station Casinos does not allege any prejudice arising from Aiken's First Amended Complaint. Given Aiken's pro se status, the Court considers Aiken's First Amended Complaint (ECF No. 13) even though Aiken did not seek leave of court to amend as required by Fed. R. Civ. P. 15.

**B. Merits**

To raise a valid Title III claim under the ADA, Aiken must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) she was denied public accommodations by the defendant because of her disability. *See* 42 U.S.C. § 12182(a); *Arizona ex rel. Goddard v. Harkins Amusement Enterprises,*

1 *Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Here, only the first prong is at issue. Under the ADA, disability may be defined as "being regarded as" having "a physical or mental impairment which substantially limits one or more … life activities. . . ." *See Socal Recovery, LLC v. City of Costa Mesa*, 56 F.4th 802, 811 (9th Cir. 2023); 42 U.S.C. § 12102.

In her First Amended Complaint, Aiken alleges Station Casinos violated her rights when it "regard[ed] [Aiken] as having compromised immune and respiratory systems without an individualized assessment." (ECF No. 13 at 3). Construing all allegations in Aiken's favor, Aiken argues that Station Casinos improperly regarded Aiken as having a disability without an individualized assessment when it required her to wear a mask. In other words, Aiken argues that if Station Casinos had not regarded Aiken as having a disability it would have allowed her to enter the Brass Fork without a mask. Importantly, Aiken does not allege in her complaint that she has a disability which would prevent her from wearing a mask, only that she was denied entrance because she was "regarded as" having a disability that required her to wear a mask, i.e. "compromised immune and respiratory systems" that would increase the likelihood that Aiken would contract and spread COVID-19.

The allegation that Station Casinos perceived Aiken as potentially infectious due to a weakened immune system fails to plausibly allege a claim that Station Casinos regarded Aiken as having a disability under the ADA. *See, e.g. Sharikov v. Philips Med. Sys. MR, Inc.*, No. 122CV00326BKSDJS, 2023 WL 2390360, *7 (N.D.N.Y. Mar. 7, 2023) (citing *Equal Emp. Opp'y Comm'n v. STME, LLC*, 938 F.3d 1305, 1315 (11th Cir. 2019) ("[T]he disability definition in the ADA does not cover th[e] case where an employer perceives a person to be presently healthy with only a potential to become ill and disabled in the future."); *Jorgenson v. Conduent Transp. Sols., Inc.*, No. 22-cv-1648, 2023 WL 1472022, at *4, 2023 U.S. Dist. LEXIS 18463, at *10 (D. Md. Feb. 2, 2023) (dismissing a plaintiff's "regarded as"

4

ADA claim because requiring employees to attest to their vaccination status "does not plausibly reflect a determination or belief that any of its employees are disabled or impaired"); *Earl v. Good Samaritan Hosp. of Suffern*, No. 20-cv-3119, 2021 WL 4462413, at *6, 2021 U.S. Dist. LEXIS 186182, at *15 (S.D.N.Y. Sept. 28, 2021) (finding that the plaintiff "failed to plausibly allege that [his employer] perceived him to be disabled based on his potential to infect patients with COVID-19" because the "perception of infectiousness is not the same as perceived disability")).

Even if this Court assumes Aiken's risk of potential infection is a disability *arguendo*, several courts have dismissed claims similar to Aiken's on the basis that the ADA does not "'require an entity to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of such entity where such individual poses a direct threat to the health or safety of others." *Warner v. Delano*, No. 21-cv-05666, 2021 WL 5507160 (N.D. Cal. Nov. 24, 2021) (quoting 42 U.S.C. § 12182(b)(3)); *see also Giles v. Sprouts Farmers Mkt., Inc.*, No. 20-CV-2131-GPC-JLB, 2021 WL 2072379, at *5–6 (S.D. Cal. May 24, 2021); *Witt v. Bristol Farms*, No. 21-CV-00411-BAS-AGS, 2021 WL 5203297, at *5–7 (S.D. Cal. Nov. 9, 2021). Aiken argues that Station Casinos acted unlawfully because it did not make an individualized assessment. (ECF No. 13 at 3). This argument is undermined by Aiken's own complaint which concedes that Station Casinos determined whether Aiken was wearing a facial covering or not, and then refused to seat Aiken at the Brass Fork because she was not wearing a facial covering. (ECF No. 13 at 2). In the context of the COVID-19 pandemic, Station Casinos made an appropriate individualized assessment when it determined whether a customer (like Aiken) was, or was not, wearing a facial covering. *See Giles*, 2021 WL 2072379 at *5-6.

Furthermore, Aiken's cursory mention of a disability in her response does not affect the analysis. The Court may generally not consider materials outside the

5

four corners of the complaint when assessing its sufficiency under Rule 12(b)(6) unless they are incorporated by reference, suitable for judicial notice, or the Court converts the 12(b)(6) motion into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).[1] *See also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ([W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), 'review is limited to the complaint.'") (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)) *overruled on other grounds by Galbraith v. Cty. Of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Aikens' perfunctory allegation in her response that she told Station Casinos staff she "had a disability which prevented her from wearing a mask" does not alter the analysis, especially as Aiken admits she "intentionally did not disclose her disability and how she invoked it in her complaint or amended complaint . . . " and does not describe her disability with any particularity in her Response. (ECF No. 18 at 2). For the foregoing reasons, the Court grants Station Casinos' Motion to Dismiss (ECF No. 17) as to Aiken's ADA claim.

Plaintiff presents no argument regarding why this court should retain jurisdiction over her state law claim once the federal claim is dismissed. The Court therefore declines to exercise supplemental jurisdiction and dismisses plaintiff's state law claim arising under NRS 651.070 without prejudice to its filing in state court. *See* 28 U.S.C. § 1367(c)(3); *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139, 1143 n. 7 (9th Cir. 2003).

//

//

---

[1] The judicial notice doctrine is only relevant in this case with regard to Station Casinos' request for judicial notice that the licensee of Sunset Station is NP Sunset LLC, rather than the defendant, Station Casinos LLC (ECF No. 17 at 2 n.1), and Station Casinos' attachment of Emergency Directives 045 and 052. (*Id.* at n.4). Both requests for judicial notice are proper. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. V. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

Therefore, it is ordered that Station Casinos' Motion to Dismiss First Amended Complaint (ECF No. 17) is GRANTED.

It is further ordered that Station Casinos' Motion to Dismiss (ECF No. 5) is DENIED as moot.

The Clerk of Court is respectfully directed to close this case.

DATED THIS 21st day of July 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE